IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
NOV 2 0 2024
Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 6:24-CR-145 |
| V. | § | |
| | § | JUDGES JDK-JDL |
| | § | |
| JAVIER MIRANDA | § | SEALED |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation: 21 U.S.C. § 846<br>(Conspiracy to Distribute and Possess with<br>Intent to Distribute Cocaine)

Beginning in or about January 2022, the exact date being unknown to the United States Grand Jury, and continuing thereafter until at least the date of the return of this indictment, in the Eastern District of Texas and elsewhere, **Javier Miranda**, did knowingly and intentionally combine, conspire, confederate, and agree with others, both known and unknown to the United States Grand Jury, to violate a law of the United States of America, to wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to distribute and distribution of 50 grams or more of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846.

## COUNT TWO

<u>Violation</u>: 18 U.S.C. § 922(o)
(Illegal Transfer of a Machinegun)

On or about October 27, 2022, in the Eastern District of Texas, the defendant, **Javier Miranda,** did knowingly possess and unlawfully transfer a machinegun, to wit: a machinegun conversion device also known as a "Glock Switch."

In violation of 18 U.S.C. § 922(o).

## COUNT THREE

<u>Violation</u>: 18 U.S.C. § 933
(Trafficking in Firearms)

Beginning in or about January 2022, the exact date being unknown to the United States Grand Jury, and continuing thereafter until at least the date of the return of this indictment, in the Eastern District of Texas and elsewhere, **Javier Miranda**, did knowingly and intentionally combine, conspire, confederate, and agree with others, both known and unknown to the United States Grand Jury, to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more machineguns, to wit: "Glock Switches," to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)),

In violation of 18 U.S.C. § 933.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), & 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

### Firearm(s) and Ammunition:

Any and all firearms, ammunition and accessories.

### Cash Proceeds:

A sum of money equal to $25,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offense(s) alleged in this indictment, for which the defendants are personally liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

- (a) cannot be located upon the exercise of due diligence;
- (b) has been transferred or sold to, or deposited with a third person;
- (c) has been placed beyond the jurisdiction of the court;
- (d) has been substantially diminished in value; or
- (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

**Indictment - Page 3**

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461.

A TRUE BILL

_____
GRAND JURY FOREPERSON

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

_____       November 20, 2024
DUSTIN FARAHNAK                        Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § | CRIMINAL NO. 6:24-CR-_____ |
| V. | | |
| | | JUDGES _____ |
| JAVIER MIRANDA | | SEALED |

### NOTICE OF PENALTY

### COUNT ONE

| | |
|---|---|
| Violation: | 21 U.S.C. § 846 |
| Penalty: | Imprisonment for a term of not more than 20 years; a fine not to exceed $1,000,000, or both; and a term of supervised release of at least 3 years. |
| Special Assessment: | $100 each count. |

### COUNT TWO

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(o) |
| Penalty: | Imprisonment for not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years. |
| Special Assessment: | $100.00 each count |

### COUNT THREE

| | |
|---|---|
| Violation: | 18 U.S.C. § 933 |
| Penalty: | Imprisonment for not more than 15 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years. |
| Special Assessment: | $100.00 each count |